UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
JOSE MANUEL GOMEZ, individually and on behalf of all others similarly situated,

                    Plaintiff,

          -against-

BIG LINE INC. d/b/a WAREHOUSE FURNITURE and TALA "DOE" [LAST NAME UNKNOWN],

                    Defendants.
-------------------------------------------------------------------------------X

CIVIL ACTION NO.

COMPLAINT

      Plaintiff Jose Manuel Gomez ("Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys, Katz Melinger PLLC, complaining of the defendants, Big Line Inc. d/b/a Warehouse Furniture ("Warehouse Furniture"), and Tala "Doe" [last name unknown] ("Tala") (collectively, "Defendants"), respectfully alleges as follows:

**I. Nature of Action, Jurisdiction, and Venue**

1.      This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA"), and New York Labor Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL").

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

3.      This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related to Plaintiff's federal claims as to form the same case or controversy under Article III of the United States Constitution.

4.      Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and

1

Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II. Parties

5. Plaintiff is an individual residing in the State of New York.

6. At all relevant times, Plaintiff was employed by Defendants.

7. While employed with Defendants, Plaintiff was regularly engaged in interstate commerce and/or in the production of goods for commerce.

8. Plaintiff is a covered employee within the meaning of the FLSA and the NYLL.

9. Warehouse Furniture is a domestic corporation with its principal place of business located at 1080 Brooks Avenue, Bronx, New York 10456.

10. Defendant Tala is an individual residing, upon information and belief, in the State of New York.

11. At all relevant times, Tala was and still is an owner, officer, director, shareholder, and/or person in control of Warehouse Furniture, who exercises significant control over the company's operations; has the authority to hire, fire, and discipline employees; set employees' work schedules and conditions of employment; determines the rate and method of payment for employees; and maintains employment records.

12. At all relevant times, Tala exercised sufficient control over Plaintiff's day-to-day operations to be considered his employer under the FLSA and NYLL.

13. Defendants operate in interstate commerce and, upon information and belief, their revenues are in excess of the minimum required to fall within the jurisdiction of the FLSA.

14. Defendants are covered employers within the meaning of the FLSA and the NYLL.

15. Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

16. The First of Action in this Complaint, which arises out of the FLSA, is brought by Plaintiff on behalf of himself and similarly situated persons who were employed since the date three (3) years prior to the filing of this Complaint, and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

17. The FLSA Collective Plaintiffs consist of no less than eleven (11) similarly situated current and former employees of Defendants who have been victims of Defendants' common policies and practices that have violated their rights under the FLSA by, *inter alia*, denying them overtime compensation for all hours worked in excess of forty (40) per week.

18. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to pay employees the applicable overtime compensation for all hours worked in excess of forty (40) per week.

19. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

20. Defendants' unlawful conduct has been intentional, willful, in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective Plaintiffs.

21. The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and are locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

## IV. Factual Allegations

22. Defendants employed Plaintiff as a mattress maker from in or around June 2018 until on or around October 23, 2019.

23. As a mattress maker, Plaintiff's job duties included measuring, assembling, and rebuilding mattresses, as well as loading and unloading merchandise from Defendants' trucks.

24. Throughout his employment, Plaintiff regularly worked Mondays through Saturdays from approximately 8:00 a.m. until 5:00 p.m., with a daily one (1) hour meal break, for a total of approximately forty-eight (48) hours worked per week.

25. Defendants neither tracked the hours Plaintiff worked nor required Plaintiff to record his time.

26. Throughout Plaintiff's employment, Defendants compensated Plaintiff at a fixed weekly wage of $500.00 per week, regardless of the number of hours Plaintiff worked each week.

27. At all relevant times, Plaintiff was a non-exempt employee pursuant to the FLSA and the NYLL, and was entitled to receive at least the minimum wage for all hours worked, and overtime compensation for all hours worked in excess of forty (40) per week.

28. However, Plaintiff was paid below the applicable state minimum wage for all hours worked, and despite routinely working more than forty (40) hours per week, Defendants failed to pay Plaintiff overtime compensation of one and one-half (1.5) times his regular hourly rate of pay or the applicable minimum wage rate, whichever is greater, for the hours he worked in excess of forty (40) per week.

29. Defendants also failed to furnish to Plaintiff a payroll notice at the time of his hire, or at any time thereafter, containing Plaintiff's rates of pay, the designated payday, or other information required by NYLL § 195(1).

30. Defendants further failed to furnish to Plaintiff, with each wage payment, an accurate statement listing Plaintiff's regular and overtime rates of pay and the number of regular and overtime hours worked, or any other information required by NYLL § 195(3).

31. Defendants violated federal and state law by willfully failing to pay Plaintiff the statutory minimum wages for all hours worked; failing to compensate Plaintiff with overtime wages for all hours worked in excess of forty (40) per week; and failing to provide Plaintiff with the required wage statements and payroll notices in violation of NYLL §§ 195(1) and (3).

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS**
*(Overtime Violations under the FLSA)*

32. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, repeats and realleges all prior allegations set forth above.

33. Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs were entitled to overtime compensation of one and one-half (1.5) times their regular hourly rates of pay or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours per week.

34. Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

35. Throughout the relevant period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages of one and one-half (1.5) times their regular hourly rates of pay or the minimum wage, whichever is greater, for each hour worked in excess of forty (40) hours per week.

36. As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wages, Plaintiff and the FLSA Collective

Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

37. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to additional damages equal to one hundred percent (100%) of all wages due ("liquidated damages").

38. Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of Plaintiff's and the FLSA Collective Plaintiffs' unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF
*(Overtime Violations under the NYLL)*

39. Plaintiff repeats and realleges all prior allegations set forth above.

40. Pursuant to the applicable provisions of the NYLL, Plaintiff was entitled to overtime compensation of one and one-half (1.5) times his regular hourly rate or pay or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours per week.

41. Plaintiff regularly worked in excess of forty (40) hours per week during his employment with Defendants.

42. Throughout the relevant period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half (1.5) times his regular hourly rate of pay or the minimum wage, whichever is greater, for each hour worked in excess of forty (40) hours per week.

43. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

44. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

45. Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of Plaintiff's unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF
*(Minimum Wage Violations under the NYLL)*

46. Plaintiff repeats and realleges all prior allegations set forth above.

47. Pursuant to the applicable provisions of the NYLL, Plaintiff was entitled to the statutory minimum wages for all of the hours he worked.

48. Throughout the relevant period, Defendants knowingly failed to pay Plaintiff the statutory minimum wages for all of the hours he worked.

49. As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wages, Plaintiff has been damaged and is entitled to recover from Defendants all minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

50. As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

51. Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action in the amount of Plaintiff's unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
*(Failure to Timely Pay Wages under the NYLL)*

52. Plaintiff repeats and realleges all prior allegations set forth above.

53. Pursuant to the provisions of NYLL § 191(1)(a)(i), Plaintiff was entitled to be paid his earned wages weekly and not later than seven (7) calendar days after the end of the week in which the wages were earned.

54. During the relevant period, Defendants routinely failed to pay Plaintiff all of his earned wages in accordance with the agreed-upon terms of employment.

55. During the relevant period, Defendants failed to timely pay Plaintiff all of his earned wages on a weekly basis and not later than seven (7) calendar days after the end of the week in which the wages were earned.

56. Throughout the relevant period, Defendants failed to timely pay Plaintiff all minimum wages and overtime wages earned by Plaintiff, in violation of NYLL § 191(1)(a)(i).

57. As a result of Defendants' violations of the law and failure to pay Plaintiff in accordance with NYLL § 191(1)(a)(i), Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

58. As Defendants did not have a good faith basis to believe that their failure to pay wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

59. Judgment should be entered in favor of Plaintiff and against Defendants on the Fourth Cause of Action for all wages due, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
(*Failure to Provide Payroll Notices under the NYLL*)

60. Plaintiff repeats and realleges all prior allegations set forth above.

61. Throughout the relevant time period, Defendants failed to furnish to Plaintiff a notice containing his rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer; and other information required by NYLL § 195(1).

62. As Defendants failed to provide Plaintiff with a payroll notice as required by NYLL § 195(1), Plaintiff is entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

63. Judgement should be entered in favor of Plaintiff and against Defendants on the Fifth Cause of Action in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

**AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
(*Failure to Provide Wage Statements under the NYLL*)

64. Plaintiff repeats and realleges all prior allegations set forth above.

65. Throughout the relevant time period, Defendants failed to furnish to Plaintiff, with each wage payment, a statement listing: Plaintiff's regular and overtime rates of pay; the number of regular and overtime hours worked, gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in violation of NYLL § 195(3).

66. As Defendants failed to provide Plaintiff with wage statements as required by NYLL § 195(3), Plaintiff is entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

67. Judgment should be entered in favor of Plaintiff and against Defendants on the Sixth Cause of Action in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

**WHEREFORE** Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, prays for relief as follows:

a) on the First Cause of Action on behalf of Plaintiff and the FLSA Collective Plaintiffs for all overtime wages due to Plaintiff and the FLSA Collective Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action for all overtime wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action for all minimum wages due to Plaintiff, liquidated damages; and reasonable attorneys' fees in an amount to be determined by this Court;

d) on the Fourth Cause of Action for all wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

e) on the Fifth Cause of Action for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

f) on the Sixth Cause of Action for liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

g) interest;

h) costs and disbursements; and

i) such other and further relief as is just and proper.

Dated: New York, New York
February 7, 2020

*/s/ Nicola Ciliotta*
Nicola Ciliotta
Katz Melinger PLLC
280 Madison Avenue, Suite 600
New York, New York 10016
(212) 460-0047
nciliotta@katzmelinger.com
*Attorneys for Plaintiff*
