```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____          │
│ DATE FILED:___11/17/2020         │
└─────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                        :
JOSE MANUEL GOMEZ, individually and                     :
on behalf of others similarly situated,                 :
                                                        :
                                                        :
                              Plaintiff,                :
                                                        :
         - against -                                    :
                                                        :
                                                        :
BIG LINE INC. d/b/a WAREHOUSE                            :
FURNITURE and TALA "DOE" [LAST                           :
NAME UNKNOWN],                                           :
                                                        :
                                                        :
                              Defendants.               :
-------------------------------------------------------------X

20-CV-1094 (VSB) (RWL)

**REPORT AND RECOMMENDATION
TO HON. VERNON S. BRODERICK:
<u>DAMAGES INQUEST</u>**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

Plaintiff Jose Manuel Gomez ("Gomez" or "Plaintiff") is a former employee of

Defendant Big Line Inc., doing business as Warehouse Furniture ("Warehouse

Furniture" or "Defendant"), who filed suit for compensatory damages, liquidated

damages, statutory penalties, costs, and attorneys' fees for violations of the Fair Labor

Standards Act (the "FLSA") and New York Labor Law (the "NYLL").    Following

Defendant's default, the matter has been referred to the undersigned for an inquest on

Plaintiff's damages.   Based on review of Plaintiff's submissions and the record in this

matter, I recommend awarding Plaintiff damages, pre-judgment interest, and attorneys'

fees as set forth below.

## Procedural Background

This action commenced with filing of the Complaint on February 7, 2020.   (Dkt.

1.)   Although filed as a class or collective action, the sole plaintiff is Plaintiff Gomez.

Defendant Warehouse Furniture is the sole defendant, as Plaintiff voluntarily dismissed

without prejudice the second-named defendant.  (Dkt. 17.)  Plaintiff served Defendant through the New York State Secretary of State, and filed proof of service on March 12, 2020.  (Dkt. 7.)

On May 8, 2020, the Clerk of Court entered a certificate of default against Defendant.  (Dkt. 11.)  Plaintiff then moved for default judgment against Defendant on May 18, 2020.  (Dkt. 13.)  Following a show cause hearing on July 2, 2020, the Honorable Vernon S. Broderick, U.S.D.J., granted default judgment in favor of Plaintiff and referred the matter to the undersigned for an inquest on damages.  (Dkt. 20-21.)

This Court then issued a scheduling order for inquest submissions.  (Dkt. 22.) On September 9, 2020, Plaintiff filed affidavits of service of the scheduling order on Defendant.  (Dkt. 29-30.)  On September 22, 2020, Plaintiff filed Proposed Findings of Fact and Conclusions of Law ("FFCL") along with supporting sworn declarations from Plaintiff and Plaintiff's counsel.  (Dkt. 31, 32-33.)  Counsel's declaration included a detailed spreadsheet of damages calculations (the "Damages Schedule").  (Dkt. 33-1.) Defendants did not file a response.  On October 20, 2020, Plaintiff filed a revised declaration of counsel containing more detailed information about attorneys' fees.  (Dkt. 35.)

## Factual Background

Because liability has already been adjudicated, the Court only briefly recounts the relevant factual background.[1]  Defendant operates a furniture store located in the

---

[1] As the Court will address below, where, as here, a defendant has defaulted on liability, all the facts alleged in the complaint must be accepted as true except those relating to the amount of damages.  *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). Accordingly, as the instant proceeding is an inquest on damages, the factual

Bronx, New York, with annual gross revenues over $500,000, and approximately fourteen employees.  (Gomez Decl. ¶¶ 3-5.[2])   Plaintiff was employed as a mattress maker by Defendant from about June 2018 to October 23, 2019.  (*Id.* ¶ 6.)  Plaintiff regularly worked six days per week as follows: Tuesdays, Wednesdays, Fridays, and Saturdays from a few minutes before 8:00 a.m. until 5:00 p.m., with a daily one-hour meal break; and Mondays and Thursdays from the same start time until 1:00 p.m., without a meal or rest break.  (*Id.* ¶ 9.)  Plaintiff thus worked approximately 42.5 hours per week.  (*Id.*)  He took no sick days or vacation days during his period of employment.  (*Id.* ¶ 10.)

Plaintiff received $10.00 per hour for all hours worked, including those over forty per week but was not paid for any time he worked before 8:00 a.m.  (*Id.* ¶¶ 12-13.) Defendant did not provide Plaintiff a notice at the time of hiring reflecting his rate of pay, designated pay day, or other required information.  (*Id.* ¶ 18.)  Nor did Defendant provide Plaintiff with pay statements identifying his regular and overtime rates of pay, number of regular and overtime hours worked, gross wages, or deductions.  (*Id.* ¶ 19.) According to Plaintiff, Defendant did not track or record his work hours.  (*Id.* ¶ 14.)

### Analysis

In the following sections, the Court discusses the relevant legal principles, damages elements, and the amount of damages.

---

background is drawn primarily from the Complaint.  Facts as to damages have been determined primarily based on the declarations of Plaintiff and Plaintiff's counsel.

[2] "Gomez Decl." refers to the Declaration of Jose Manuel Gomez in Support of Plaintiff's Proposed Findings of Fact and Conclusions of Law (Dkt. 32).

A.    **Default Judgment**

When a defendant defaults, all the facts alleged in the complaint, except those relating to the amount of damages, must be accepted as true.  *Finkel*, 577 F.3d at 84 (trial court is required to "accept all of [the plaintiff's] factual allegations as true and draw all reasonable inferences in its favor"); *Keystone Global LLC v. Auto Essentials, Inc.*, No. 12-CV-9077, 2015 WL 224359, at *3 (S.D.N.Y. Jan. 16, 2015) (same).  The court may also rely on factual allegations pertaining to liability contained in affidavits and declarations submitted by the plaintiffs.  *See, e.g.*, *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993); *Fustok v. ContiCommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir. 1989).  Nonetheless, the court "must still satisfy itself that the plaintiff has established a sound legal basis upon which liability may be imposed."  *Shld, LLC v. Hall*, No. 15-CV-6225, 2017 WL 1428864, at *3 (S.D.N.Y. April 20, 2017) (citation omitted); *Finkel*, 577 F.3d at 84 (same).

Once liability has been established, a plaintiff must provide evidence establishing the amount of damages with reasonable certainty.  *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Division of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997); *see also Lenard v. Design Studio*, 889 F. Supp. 2d 518, 527 (S.D.N.Y. 2012) (in an inquest following a default, "[a] plaintiff must … substantiate a claim with evidence to prove the extent of damages").  Where, as here, the employer has defaulted, a court may presume the employee's recollection of hours to be correct.  *See, e.g.*, *Tho Dinh Tran v. Alphonse Hotel Corp.*, 281 F.3d 23, 31 (2d Cir. 2002) (The "employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and

4

extent of that work as a matter of just and reasonable inference.") (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1940)), *overruled on other grounds by Slayton v. American Express Co.*, 460 F.3d 215, 226-28 (2d Cir. 2006); *Cao v. Chandara Corp.*, No. 00-CV-8057, 2001 WL 34366628, at *5 (S.D.N.Y. July 25, 2001) (plaintiff's recollection and estimate of hours worked were presumed to be correct where defendant employer defaulted).

To assess whether the plaintiff has articulated a sufficient basis for damages, a court has the discretion, but is not required, to hold a hearing.  *See* Fed. R. Civ. P. 55(b)(2); *Fustok,* 873 F.2d at 40.  Having reviewed Plaintiff's submissions and record, the Court determined that no hearing is necessary.

## B.    Prerequisites Under FLSA and NYLL

The FLSA and NYLL generally require employers to pay a prescribed minimum wage as well as a premium overtime rate to employees who work more than forty hours in a workweek.[3]  29 U.S.C. § 207(a)(1); N.Y. Lab. Law §§ 232, 653, 672; 12 N.Y.C.R.R. § 142-2.2; *see also Jacobs v. New York Foundling Hospital,* 577 F.3d 93, 96 (2d Cir. 2009) (per curiam).  An employer who fails to pay in accordance with the FLSA is "liable to the employee" for unpaid minimum wages, unpaid overtime compensation, and other damages.  29 U.S.C. § 216(b).

"Whether an individual qualifies as an employer is substantially similar under the FLSA and NYLL, and courts commonly apply FLSA case law in deciding cases under both statutes."  *Yu Ling Shen v. Xue Mei Chen*, No. 17-CV-1556, 2018 WL 2122819, at

---

[3] The FLSA enumerates certain categories of employees who are "exempt" from the overtime and minimum wage requirements.  29 U.S.C. § 213.  Because none of those exemptions apply here, the Court does not discuss them.

*3 (S.D.N.Y. May 8, 2018) (collecting cases); *see also Sethi v. Narod*, 974 F. Supp. 2d 162, 188 (E.D.N.Y. 2013) ("District courts in this Circuit 'have interpreted the definition of "employer" under the [NYLL] coextensively with the definition used by the FLSA.'") (quoting *Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 335 n.13 (S.D.N.Y. 2010)).

That said, the FLSA has the additional requirement of interstate commerce. The FLSA defines "commerce" to mean "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b). An enterprise is "engaged in commerce or in the production of goods for commerce" if (1) it "has employees engaged in commerce or in the production of goods for commerce" or "has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person"; and (2) its "annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)." 29 U.S.C. § 203(s)(1)(A)(i)-(ii).

The Complaint asserts and thereby establishes the relevant prerequisites, including that Defendant meets the definition of an employer under the FLSA.[4]

---

[4] These foundational assertions about the employer are largely conclusory, as would be expected when an employer defaults and does not provide any discovery. Given reasonable inferences that can be made (e.g., a company of fourteen employees that makes and sells furniture most likely is involved in interstate commerce to some extent), and the remedial nature of the FLSA and NYLL, the Court finds these so-called "enterprise" allegations sufficient in this case. *See Cabrera v. Canela*, 412 F. Supp. 3d 167, 174 (E.D.N.Y. 2019) ("To decline to make reasonable inferences of interstate commerce in cases like this would frustrate the FLSA's remedial purpose and would give employers perverse incentives to default in FLSA actions, where plaintiff workers may lack specific information about their employers' distribution networks. The Court refuses to handicap working men and women in such a manner.").

(Complaint ¶¶ 6-7, 13-14; *see also* Gomez Decl. ¶¶ 4-6.)   Being Plaintiff's employer under the FLSA, Defendant is also Plaintiff's employer under the NYLL.

## C.      The Applicable Damages Period

The statute of limitations is six years for claims under the NYLL, and three years for claims under the FLSA if a defendant's acts are willful, and two years if they are not. 29 U.S.C. § 255(a); N.Y. Lab. Law § 663(3); *see also Angamarca v. Pita Grill 7 Inc.*, No. 11-CV-7777, 2012 WL 3578781, at *4 (S.D.N.Y. Aug. 2, 2012).   Plaintiff's claims fall within both statutes' limitations periods, as he seeks damages for employment starting in June 2018, and he filed the Complaint less than two years later in February 2020. Accordingly, the statute of limitations poses no bar to the damages Plaintiff seeks.

## D.      Burdens

Under the FLSA, an employee bears the burden of proving that he was not properly compensated for his work.   *Daniels v. 1710 Realty LLC*, 497 F. App'x 137, 139 (2d Cir. 2012).   "Where an employer's payroll records are inaccurate or incomplete, courts apply a burden-shifting scheme to determine whether an employee has established that he was underpaid, and what damages he suffered."   *Marcelino v. 374 Food, Inc.*, No. 16-CV-6287, 2018 WL 1517205, at *15 (S.D.N.Y. March 27, 2018).   In such instances, "an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference."   *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 362 (2d Cir. 2011) (quoting *Anderson*, 328 U.S. at 687).   The Second Circuit has noted that this burden "is not high"

and may be satisfied through an employee's "estimates based on his own recollection." *Id.* at 362.

If an employee satisfies this initial showing, the burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. *Tyson Foods, Inc. v. Bouaphakeo*, __ U.S. __, __, 136 S. Ct. 1036, 1047 (2016). "If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result may be only approximate." *Gonzalez v. Masters Health Food Service Inc.*, No. 14-CV-7603, 2017 WL 3835960, at *16 (S.D.N.Y. July 27, 2017) (quoting *Kuebel*, 643 F.3d at 362); *see also Hosking v. New World Mortgage, Inc.*, 570 F. App'x 28, 32 (2d Cir. 2014) (noting "that the employee's burden of proving damages under the FLSA is minimal, particularly when the employer does not keep records").

The NYLL applies a similar framework to unpaid compensation claims and expressly provides that "where an employer fails to 'keep adequate records or provide statements of wages to employees as required' by the statute, the employer 'shall bear the burden of proving that the complaining employee was paid wages, benefits and wage supplements.'" *Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 498 (S.D.N.Y. 2017) (quoting N.Y. Lab. Law § 196-a(a)), *aff'd*, 752 F. App'x 33 (2d Cir. 2018).

Here, the Court does not have any payroll records before it to evaluate Plaintiff's claims; Defendant has not participated in discovery; and Plaintiff avers that Defendant did not track or record his hours. (Gomez Decl. ¶ 14.)  Accordingly, Plaintiff may

establish the extent to which he was underpaid through his own recollection of his estimated hours, wages, and the like.

## E.    Unpaid Minimum Wages

The FLSA and the NYLL each require an employer to pay not less than a statutorily-set minimum wage for each hour of work.  *See* 29 U.S.C. § 206(a)(1); N.Y. Lab. Law § 673; 12 N.Y.C.R.R. § 146-1.1.  A plaintiff is entitled to damages under only one statute.  *Gamero*, 272 F. Supp. 3d at 498 ("[A]n employee 'may not receive a "double recovery" of back wages under both the FLSA and [the] NYLL") (quoting *Hernandez v. Jrpac Inc.*, No. 14-CV-4176, 2016 WL 3248493, at *31 (S.D.N.Y. June 9, 2016)).  "The federal minimum wage," however, "does not preempt the state minimum wage, … and a plaintiff may recover under whatever statute provides the highest measure of damages."  *Wicaksono v. XYZ 48 Corp.*, No. 10-CV-3635, 2011 WL 2022644, at *3 (S.D.N.Y. May 2, 2011), *R. & R. adopted*, 2011 WL 2038973 (S.D.N.Y. May 24, 2011); *see also Gamero*, 272 F. Supp. 3d at 498 (a court has discretion to award plaintiffs damages under "the statute providing the greatest amount of relief") (citation omitted).

Under the FLSA, the "regular rate" of pay is determined by "dividing an employee's total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked."  *Romero v. Anjdev Enterprises.*, Inc., No. 14-CV-457, 2017 WL 548216, at *10 (S.D.N.Y. Feb. 10, 2017) (alteration omitted) (citing 29 C.F.R. § 778.109).  "Under both the FLSA and NYLL, once the Court determines the 'actual number of hours worked' per week and calculates the 'regular rate' based on those hours, the 'regular rate' is then compared to the statutorily-

imposed minimum wage to determine whether the employee has been underpaid." *Java v. El Aguila Bar Restaurant Corp.*, No. 16-CV-6691, 2018 WL 1953186, at *10 (S.D.N.Y. April 25, 2018).

Plaintiff received $10.00 per hour regardless of the number of hours he worked per week.  (Gomez Decl. ¶ 12.)  By definition, his regular rate of pay was $10.00 per hour.  During Plaintiff's employment in 2018, the federal minimum wage was $7.25 per hour throughout Plaintiff's employment.   29 U.S.C. § 206(a)(1).   New York State minimum wage for an employer of Defendant's size (more than ten employees) located in New York City was $13.00 per hour in 2018 for non-tipped employees (such as Plaintiff), and in 2019 it was $15.00 per hour.[5]  N.Y. Lab. Law § 652(1)(a)(i).  During Plaintiff's period of employment, the NYLL minimum hourly wage exceeded that of the FLSA.  The Court will therefore apply $13.00 as the minimum wage for 2018 and $15.00 for 2019.  As $10.00 per hour fell short of the minimum wage, Plaintiff is entitled to unpaid minimum wages of **$12,750.00**, calculated as follows:

| Work Period | Weeks Worked | Hours Per Week | Reg Rate of Pay | Min Wage Rate | Min Wage Owed Per Week | Unpaid Min Wages Total |
|---|---|---|---|---|---|---|
| 6/1/18-12/31/18 | 30 | 42.5 | $10.00 | $13.00 | $127.50 | $3,825.00 |
| 1/1/19 – 10/23/19 | 42 | 42.5 | $10.00 | $15.00 | $212.50 | $8,925.00 |

## F.   Overtime Pay

Plaintiff alleges violations of the FLSA overtime provision, which states that "no employer shall employ any of his employees … for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the

---

[5] The FFCL mistakenly recites the New York State minimum wage rates for small employers (ten or fewer employees).  (FFCL ¶ 6.)  According to Plaintiff, Defendant had approximately fourteen employees at any given time.  (Gomez Decl. ¶ 4.)  Plaintiff's damages schedule, however, uses the correct rates for an employer of that size.

hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."  29 U.S.C. § 207(a)(1).  *See Lahcen v. Kiran Park Newsstand Inc.*, No. 11-CV-5998, 2014 WL 3887222, at \*4 (S.D.N.Y. Aug. 7, 2014) (noting requirement to pay "time-and-a-half" for "hours worked in excess of forty hours in a workweek"); *Maldonado v. La Nueva Rampa, Inc.*, No. 10-CV-8195, 2012 WL 1669341, at \*6 (S.D.N.Y. May 14, 2012) ("If an employee demonstrates that he has worked more than 40 hours per week, he is entitled to recover the overtime rate for any hours in excess of 40.").

Where the minimum wage exceeds the employee's regular rate of pay, however, overtime is to be paid at one and one-half times the minimum wage.  29 C.F.R. § 778.107.  New York law similarly requires that employees be compensated at "one and one-half times the employee's regular rate of pay" and provides that the regular rate should be calculated "in the manner and methods provided in" the FLSA.  12 N.Y.C.R.R. § 142-2.2.  *See, e.g., Thompson v. Hyun Suk Park*, No. 18-CV-0006, 2020 WL 5822455, at \*8 (E.D.N.Y. Sept. 1, 2020) (determining overtime by "multiplying the number of hours worked over forty each week by one-half times the New York State minimum wage rate, FLSA minimum wage rate, or the Plaintiff's hourly wage, whichever is greater"), *R. & R. adopted*, 2020 WL 5820547 (E.D.N.Y. Sept. 30, 2020); *Rosendo v. Everbrighten Inc.*, No. 13-CV-7256, 2015 WL 1600057, at \*4 (S.D.N.Y. April 7, 2015) ("An employee's appropriate overtime rate is calculated by multiplying his regular hourly rate (or the minimum wage rate, if his regular hourly rate falls below the minimum wage) by one and one-half.").

Here, Plaintiff consistently worked 2.5 hours in excess of forty hours per week but was paid at only the regular rate of pay. Because he should have been paid one-and-half times his regular rate of pay or the minimum wage, whichever was higher, his overtime rate of pay should have been $19.50 during 2018 and $22.50 during 2019. Accordingly, he is due damages for unpaid overtime in the amount of **$1,275.00**, calculated as follows:

| Work Period | Weeks Worked | Hours Per Week | OT Hours Per Week | Reg Rate of Pay | Min Wage Rate | OT Deficit | OT Wages Owed Per Week | Unpaid OT Wages Total |
|---|---|---|---|---|---|---|---|---|
| 6/1/18-12/31/18 | 30 | 42.5 | 2.5 | $10.00 | $13.00 | $6.50 | $16.25 | $487.50 |
| 1/1/19 – 10/23/19 | 42 | 42.5 | 2.5 | $10.00 | $15.00 | $7.50 | $18.75 | $787.50 |

## G.  Liquidated Damages

Both the FLSA and the NYLL provide for liquidated damages. Beginning with the FLSA, any employer who violates the minimum wage and overtime provisions of the FLSA is presumptively liable to the affected employees, in addition to back pay, for 100% of the unpaid wages as liquidated damages. 29 U.S.C. § 216(b) ("Any employer who violates the provisions … of this title [relating to minimum wages and overtime compensation] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation … and in an additional equal amount as liquidated damages."). Liquidated damages are mandatory unless the employer demonstrates that they acted in good faith, in which case the decision to impose liquidated damages is discretionary. 29 U.S.C. § 260. The NYLL rules are similar. *See Garcia v. Giorgio's Brick Oven & Wine Bar*, No. 11-CV-4689, 2012 WL 3339220, at *4 (S.D.N.Y. Aug. 15, 2012) ("Effective April 9, 2011, Sections 198(1-a) and 663(1) of the NYLL were amended to provide for liquidated damages

equal to one-hundred percent of the amounts underpaid."), *R. & R. adopted*, 2012 WL 3893537 (S.D.N.Y. Sept. 7, 2012).

A plaintiff may recover liquidated damages for unpaid wages under either the FLSA or the NYLL, whichever provides for a greater recovery. *Morales v. Mw Bronx, Inc.*, No. 15-CV-6296, 2016 WL 4084159, at *10 (S.D.N.Y. Aug. 1, 2016). However, a plaintiff is not entitled to double recovery of liquidated damages. *Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018) (per curiam) ("We therefore interpret the NYLL and FLSA as not allowing duplicative liquidated damages for the same course of conduct.").

There is no proof before the Court that Defendant acted in good faith. To the contrary, the facts are indicative of willfulness, particularly given Defendant's failure to maintain records, the violations established by default, and Defendant's failure to participate in this case. *See Xochimitl v. Pita Grill of Hell's Kitchen, Inc.*, No. 14-CV-10234, 2016 WL 4704917, at *15 (S.D.N.Y. Sept. 8, 2016) ("Courts deem defendants' actions willful where they have defaulted"), *R. & R. adopted*, 2016 WL 6879258 (S.D.N.Y. Nov. 21, 2016); *Santillan v. Henao*, 822 F. Supp. 2d 284, 297 (E.D.N.Y. 2011) ("Many courts have found that a defendant's default, in itself, may suffice to support a finding of willfulness."). Accordingly, Plaintiffs are entitled to recover liquidated damages. The amount of liquidated damages is equal to 100% of the amount owed to Plaintiff in unpaid wages, which includes unpaid minimum wages ($12,750) and unpaid overtime ($1,275), for a liquidated damages amount of **$14,025.00**.

## H.   Wage Notices and Wage Statements

The NYLL requires employers to provide employees, at the time of hiring, with a wage notice containing basic information such as rate of pay. The penalty for an

employer's failure to provide the requisite wage notice within ten business days of the first day of employment is $50 for each workday that a violation occurs or continues to occur, not to exceed a total of $5,000.  N.Y. Lab. Law § 198(1-b).

In addition to the wage notice requirement, the NYLL also requires employers to provide employees with a wage statement with each payment of wages.  N.Y. Lab. Law § 195(3).  Each wage statement must list, *inter alia*, the dates of work covered by that payment of wages, the employer's address and phone number, the applicable rate or rates of pay, applicable deductions, and any allowances claimed as part of the minimum wage.  *Id.*  An employee can recover $250 for each workday that a wage statement violation occurs or continues to occur, not to exceed a total of $5,000.  N.Y. Lab. Law § 198(1-d).  Here, Defendant failed to provide Plaintiff with both the requisite wage notice and wage statements. Accordingly, Plaintiff is entitled to **$10,000.00** in statutory penalties.

I.    **Attorneys' Fees**

The FLSA and NYLL provide for an award of reasonable attorneys' fees and costs to a prevailing plaintiff in a wage-and-hour action such as this one.  29 U.S.C. § 216(b); N.Y. Lab. Law § 198-1; *Callari v. Blackman Plumbing Supply, Inc.*, No. 11-CV-3655, 2020 WL 2771008, at *6 (E.D.N.Y. May 4, 2020) ("Both the FLSA and NYLL are fee-shifting statutes which entitle a plaintiff to an award of reasonable attorney's fees and costs in wage-and-hour actions."), *R. & R. adopted*, 2020 WL 2769266 (E.D.N.Y. May 28, 2020).  "Courts ordinarily award a lodestar fee, which is the product of the prevailing market rate for lawyers in the district and the number of hours a reasonable attorney would spend to litigate the case effectively."  *Tackie v. Keff Enterprises LLC*,

No. 14-CV-2074, 2014 WL 4626229, at *6 (S.D.N.Y. Sept. 16, 2014).   An award of attorneys' fees should be based on the court's determination of a "presumptively reasonable fee."   *Sandoval v. Materia Bros. Inc.*, No. 11-CV-4250, 2013 WL 1767748, at *3 (S.D.N.Y. March 5, 2013) (quoting *Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany*, 522 F.3d 182, 189 (2d Cir. 2008)), *R. & R. adopted*, 2013 WL 1759581 (S.D.N.Y. April 24, 2013).   This fee is calculated by multiplying "a reasonable hourly rate by the reasonable number of hours expended on the case."   *Id.*

Determining a reasonable hourly rate involves "a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel," which may include "judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district."   *Farbotko v. Clinton County*, 433 F.3d 204, 209 (2d Cir. 2005).   The hourly rates must be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."   *Reiter v. MTA New York City Transit Authority*, 457 F.3d 224, 232 (2d Cir. 2006) (alteration in original) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)); *see also Simmons v. New York City Transit Authority*, 575 F.3d 170, 174 (2d Cir. 2009) (same).

Here, the Southern District of New York is the relevant community.   The range of fees for wage-and-hour cases of this type typically run between $250 and $450, with different courts endorsing slightly different ranges.   *See, e.g., Shanfa Li v. Chinatown Take-Out Inc.,* No. 16-CV-7787, 2019 WL 3715086, at *6 (S.D.N.Y. Aug. 7, 2019) ("Experienced litigators and partners are commonly awarded between $300 and $400 per hour in FLSA cases within the Southern District of New York."), *aff'd*, 812 F. App'x

49 (2d Cir. 2020); *Bisono v. TDL Restoration, Inc.*, No. 17-CV-9431, 2019 WL 4733599, at *2 (S.D.N.Y. Sept. 27, 2019) (same); *Villar v. Prana Hospitality, Inc.*, No. 14-CV-8211, 2019 WL 1387412, at *10-11 (S.D.N.Y. Feb. 4, 2019) (approving hourly fees of $350/hour and $400/hour for two attorneys on FLSA matter), *R. & R. adopted*, 2019 WL 1382803 (S.D.N.Y. March 27, 2019).

After establishing the appropriate hourly rate, a court must determine how much time was reasonably expended in order to arrive at the presumptively reasonable fee. "The relevant issue … is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures."  *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992); *Mugavero v. Arms Acres, Inc.*, No. 03-CV-5724, 2010 WL 451045, at *6 (S.D.N.Y. Feb. 9, 2010) (same).  A court should exclude from the lodestar calculation "excessive, redundant or otherwise unnecessary hours."  *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999); *Luciano v. Olsten Corp.*, 109 F.3d 111, 116 (2d Cir. 1997) ("If the district court concludes that any expenditure of time was unreasonable, it should exclude these hours from the lodestar calculation.").

Plaintiff's counsel is Katz Melinger PLLC, a firm that litigates wage-and-hour cases like this one, among other practice areas.  (Revised Ciliotta Decl. ¶ 37.[6])  Four attorneys from Katz Mellinger worked on this matter, the principal one being Nicola Ciliotta, who recorded 31.20 hours.  (*Id.* ¶ 35.)  Three others, Nicole Grunfeld, Kenneth Katz, and Adam Sackowitz, recorded time of 2.1, 1.1, and 1.0 hours respectively, for total firm time of 35.4 hours.  (*Id.*)  Ciliotta graduated from Vanderbilt University in 2015

---

[6] "Revised Ciliotta Decl." refers to the Revised Declaration of Nicola Ciliotta in Support of Plaintiff's Proposed Findings of Fact and Conclusions of Law (Dkt. 35).

and earned his J.D. from Penn State Law School in 2018.  (*Id.* ¶ 38.)  Although very junior, Ciliotta focuses on wage-and-hour cases.  (*Id.*)  Ciliotta's hourly billing rate is $275; the three others are $375 (Grunfeld), $425 (Katz) and $300 (Sackowitz).  (*Id.* ¶ 36.)  These rates fall within the customary range in this District for attorneys of their experience and cases of this type, and the vast majority of work was done by the attorney with the lowest billing rate.  Accordingly, the Court finds the rates charged to be reasonable.

As for the work performed, the Court deems the work performed as reflected in the billing records to be the nature and type that would be expected for a wage-and-hour action such as this one.  (*See* FFCL Ex. 1.)  The principal work performed included drafting the complaint, the motion for default judgment, and the submissions required for this inquest.  The Court's review of the time records did not reveal entries that appeared duplicative or unnecessary.  Accordingly, the Court finds the overall attorneys' fees to be reasonable such that Plaintiff should be awarded **$10,135.00** in attorneys' fees.

## J.    Costs and Disbursements

Awarding costs and disbursements is authorized by the FLSA and the NYLL.  29 U.S.C. § 216(b); N.Y. Lab. Law § 198.  Such costs should only be awarded, however, when they are tied to "identifiable, out-of-pocket disbursements."  *Jemine v. Dennis*, 901 F. Supp. 2d 365, 394 (E.D.N.Y. 2012) (citation omitted); *Castellanos v. Mid Bronx Community Housing Management Corp.*, No. 13-CV-3061, 2014 WL 2624759, at *8 (S.D.N.Y. June 10, 2014) (same); *Angamarca*, 2012 WL 3578781 at *14 (approving $350 court filing fee and $600 in service of process fees for default judgment in FLSA and NYLL case); *Smith v. Nagai,* No. 10-CV-8237, 2012 WL 2421740, at *6 (S.D.N.Y.

May 15, 2012) (noting documented costs "are fully compensable under the FLSA"), *R. & R. adopted*, 2012 WL 2428929 (S.D.N.Y. June 27, 2012); *Kahlil v. Original Old Homestead Restaurant, Inc.,* 657 F. Supp. 2d 470, 478 (S.D.N.Y. 2009) ("Fee awards include reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.") (internal quotation marks and citation omitted); *Ming Hui v. Shorty's Seafood Corp.*, No. 15-CV-7295, 2017 WL 5054401, at *13 (E.D.N.Y. Sept. 6, 2017), (describing court filing fees and service of process fees as "routinely recoverable" in wage-and-hour cases), *R. & R. adopted*, 2017 WL 5125527 (E.D.N.Y. Nov. 2, 2017).

Plaintiff has not submitted any proof of costs and disbursements, and the FFCL does not include any in the judgment requested.  Accordingly, no award should be made for costs and disbursements.

## K.    Pre-Judgment Interest

Under the FLSA, awards of federal liquidated damages serve as a form of compensatory pre-judgment interest.  *See, e.g.*, *Galeana v. Lemongrass on Broadway Corp.*, 120 F. Supp. 3d 306, 321 (S.D.N.Y. 2014); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 261 (S.D.N.Y. 2008).  For that reason, a plaintiff who receives FLSA liquidated damages may not also receive pre-judgment interest.  *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1064 (2d Cir. 1988).

In contrast, liquidated damages under the NYLL are considered punitive in nature, thus enabling a plaintiff to recover both liquidated damages and pre-judgment interest.  *Yu G. Ke,* 595 F. Supp. 2d at 262 (citing *Reilly v. NatWest Markets Group, Inc.*, 181 F.3d 253, 265 (2d Cir. 1999)); *Ting Yao Lin v. Hayashi Ya II, Inc.*, No. 08-CV-6071, 2009 WL 289653, at *7 (S.D.N.Y. Jan. 30, 2009), ("The Second Circuit has held

that where a plaintiff is awarded liquidated damages under New York Labor Law, pre-judgment interest … is appropriate."), *R. & R. adopted sub nom. Yao Lin v. Hayashi Ya II, Inc.*, 2009 WL 513371 (S.D.N.Y. Feb. 27, 2009).  Accordingly, Plaintiff here is eligible to recover pre-judgment interest on his state law claims, the rate for which is 9% per annum as provided by N.Y. C.P.L.R. §§ 5001, 5004.  *See, e.g.*, *Gurung v. Malhotra*, 851 F. Supp. 2d 583, 594 (S.D.N.Y. 2012) (applying pre-judgment interest rate to NYLL claims); *Santillan*, 822 F. Supp. 2d at 298 (same).

The Court has discretion to choose a reasonable date from which prejudgment interest should accrue.  *Junmin Shen v. Number One Fresco Tortillas, Inc.*, No. 16-CV-2015, 2018 WL 6712771, at *14 (S.D.N.Y. Nov. 26, 2018) (citing *Santana v. Latino Express Restaurants, Inc.*, 198 F. Supp. 3d 285, 294-95 (S.D.N.Y. 2016)).  In cases where, as here, multiple periods of employment are involved with different rates of pay, courts "often choose the midpoint of the plaintiff's employment within the limitations period." *Junmin Shen*, 2018 WL 6712771 at *14 (quoting *Gamero*, 272 F. Supp. 3d at 515 (internal quotation marks omitted)).  Here, the midpoint of Plaintiff's employment with Defendant is February 10, 2019.  (Ciliotta Decl. ¶ 33.[7])

Accordingly, Plaintiff should be awarded pre-judgment interest on his unpaid wage damages (but not on liquidated damages) running from **February 10, 2019**, to the date of judgment.

## L.    Plaintiff's Total Damages and Award

Plaintiff is entitled to recover his unpaid wages (including minimum wage deficit and overtime pay), liquidated damages, damages for violations of wage notice and

---

[7] "Ciliotta Decl." refers to the Declaration of Nicola Ciliotta in Support of Plaintiff's Proposed Findings of Fact and Conclusions of Law (Dkt. 33).

statement requirements, attorneys' fees, and pre-judgment interest.  The Court has reviewed Plaintiff's Damages Schedule and finds it to be accurate. Based on Plaintiff's submissions, the applicable legal principles, and the foregoing analysis, the Court has determined that damages, fees, and interest should be awarded as follows.

| Damages Category | Amount |
|---|---|
| Unpaid Minimum Wages | $12,750.00 |
| Unpaid Overtime Wages | $1,275.00 |
| Pre-Judgment Interest on Unpaid Wages | TBD by Clerk of Court[8] |
| Liquidated Damages on Minimum and Overtime Wages | $14,025.00 |
| Wage Notice Penalty | $5,000.00 |
| Wage Statement Penalty | $5,000.00 |
| Attorneys' Fees | $10,135.00 |
| **Total** | **$48,185.00 plus PJI** |

## Conclusion

For the foregoing reasons, I recommend awarding Plaintiff damages and fees in the amounts set forth above against Warehouse Furniture.  I also recommend that the Clerk of Court assess pre-judgment interest on total unpaid wages of $14,025.00 from **February 10, 2019**, to the date of judgment.

## Procedures for Filing Objections

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days to file written objections to this Report and Recommendation.  Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the Chambers of the Honorable

---

[8] As of September 22, 2020, the date Plaintiff filed his inquest submissions, the amount of pre-judgment interest calculated was $3,918.16.  (*See* Damages Schedule.)

Vernon S. Broderick, U.S.D.J., Thurgood Marshall United States Courthouse, 40 Foley Square, Room 415, New York, NY 10007, and to the Chambers of the undersigned, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Room 1960, New York, NY 10007.   **FAILURE TO FILE TIMELY OBJECTIONS WILL RESULT IN WAIVER OF OBJECTIONS AND PRECLUDE APPELLATE REVIEW.**

Respectfully submitted,

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: November 17, 2020
     New York, New York

Copies transmitted this date to all counsel of record.