UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                                    :

JOSE MANUEL GOMEZ, *individually and on*
*behalf of others similarly situated*,         :
                                 Plaintiff,   :

                                                    :

            -against-        :

                                                    :

BIG LINE INC. d/b/a WAREHOUSE     :
FURNITURE and TALA "DOE" [LAST    :
NAME UNKNOWN],              :
                                                  :
                              Defendants.  :
                                                  :
--------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __1/25/2021__

20-CV-1094 (VSB)

**ORDER**

<u>VERNON S. BRODERICK, United States District Judge</u>:

       On July 6, 2020, I entered a default against Defendant Big Line, Inc. ("Defendant") on

the issue of liability and referred the case to Magistrate Judge Robert W. Lehrburger for an

inquest on damages.  (Doc. 20.)  On November 17, 2020, Magistrate Judge Lehrburger issued his

Report and Recommendation (the "Report and Recommendation" or "R&R") in which he

recommended that Plaintiff be awarded total of $38,050 in damages and unpaid wages, $10,135

in attorneys' fees, and pre-judgment interest on unpaid wages of $14,025 from February 10,

2019 to the date of judgment, at a rate of nine percent.  (Doc. 36.)

       More than fourteen days has elapsed, and no party has filed an objection to the R&R.

Therefore, I treat Magistrate Judge Lehrburger's Report and Recommendation as unchallenged

and, having reviewed it for clear error and found none, adopt it in full.

I.       **Factual and Procedural Background**

The facts set forth in the Report and Recommendation are incorporated herein by reference unless otherwise noted.  Familiarity with the facts is assumed and I recite here only those facts necessary for an understanding of the issues before me.

On February 7, 2020, Plaintiff initiated this action by filing his complaint, bringing claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). (Doc. 1.)  Plaintiff filed an affidavit of service on March 12, 2020.  (Doc. 7.)  Plaintiff voluntarily dismissed Defendant Tala Doe on May 18, 2020, leaving Defendant Big Line Inc. as the sole defendant in the case.  (Doc. 17.)  Defendant did not respond to the complaint or request an extension, and has not otherwise appeared in this case.

On May 8, 2020, the Clerk of Court entered a Certificate of Default against Defendant. (Doc. 11.)  Plaintiff sought, and I issued, an Order to Show Cause on May 18, 2020, directing Defendant to show cause as to why an order should not be issued granting Plaintiffs a default judgment.  (Doc. 18.)  Defendant was served with the Order to Show Cause on May 19, 2020. (Doc. 19.)  The Order to Show Cause hearing was held on July 2, 2020, and Defendant did not appear at the hearing or request an adjournment of that hearing.  On July 6, 2020, I ordered that default be entered against Defendant on the issue of liability, and referred the matter to Magistrate Judge Lehrburger for an inquest on damages.  (Doc. 20.)

On July 8, 2020, Judge Lehrburger issued a scheduling order instructing Plaintiff to submit proposed findings of fact and conclusions of law concerning all damages and other monetary relief permitted under the entry of default of judgment.  (Doc. 22.)  On September 22, 2020, Plaintiff filed those proposed findings of fact and conclusions of law, along with affidavits from Plaintiff and Plaintiff's counsel.  (Docs. 31–33.)  Defendant did not file a response or

otherwise respond.  Plaintiff filed a revised declaration from Plaintiff's counsel on October 20, 2020.  (Doc. 35.)

**II.**   **Analysis**

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  Parties may raise specific, written objections to the report and recommendation within 14 days of being served with a copy of the report.  *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).  When a party submits a timely objection, a district court reviews de novo the parts of the report and recommendation to which the party objected.  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).  When neither party submits an objection to a report and recommendation, or any portion thereof, a district court reviews the report and recommendation for clear error.  *Santana v. Comm'r of Soc. Sec*., No. 17-CV-2648 (VSB) (BCM), 2019 WL 2326214, at *1 (S.D.N.Y. May 30, 2019); *Marte v. Berryhill*, No. 17-CV-3567 (VSB) (JLC), 2018 WL 5255170, at *1 (S.D.N.Y. Oct. 22, 2018); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Here, although the Report and Recommendation explicitly provided that "[t]he parties shall have fourteen (14) days to file written objections to this Report and Recommendation," (Doc. 36 at 20), neither party filed an objection or sought additional time to file an objection.  I therefore reviewed Magistrate Judge Lehrburger's thorough and well-reasoned Report and Recommendation for clear error and, after careful review, found none.

### III.   <u>Conclusion</u>

Accordingly, I ADOPT the Report and Recommendation in its entirety.  Plaintiff is awarded $38,050 in damages and unpaid wages, $10,135 in attorneys' fees, and pre-judgment interest on $14,025 in unpaid wages from February 10, 2019 to the date of judgment, at a rate of nine percent.  *See* N.Y. C.L.P.R. § 5004.

The Clerk's Office is respectfully directed to terminate any open motions, to enter judgment in accordance with this Order, and to close this case.

SO ORDERED.

Dated:    January 25, 2021
          New York, New York

Vernon S. Broderick
United States District Judge